**590**

*Rodrigue* has made it clear that maritime principles are inapplicable to injuries occurring to oil workers on the Outer Continental Shelf. However, we have just as comprehensive a body of law to regulate the liabilities of those who injure oil workers as the court had in *Continental* to regulate collisions of ships with platforms. Clearly the Longshoremen's and Harbor Workers' Act is a complete body of law, a legislative island unto itself. There is no need to bring aboard the state Direct Action Statute to cause liability to be fixed where Congress never intended it.

Affirmed.[42]

**Roger KIRKLAND, Plaintiff-Appellant,**

v.

**SHELL OIL COMPANY and Toxie Lee Schmidt et al., Defendants-Appellees.**

No. 71–3152.

United States Court of Appeals, Fifth Circuit.

June 19, 1973.

Certiorari Denied Dec. 3, 1973.

See 94 S.Ct. 584.

Carl J. Barbier, New Orleans, La., for plaintiff-appellant.

states' rights—a dispute in which geography separated the adversaries as inland states sought compensating advantages to offset those claimed by coastal states as historically and exclusively theirs—the deliberate choice of federal law, federally administered, requires that "applicable" be read in terms of necessity—necessity to fill a significant void or gap.

This is the recurring theme of *Rodrigue*. Thus, early in the opinion the Court states since "Federal law, because of its limited function in a federal system, might be inadequate to

Al J. Moore, Herschel E. Richard, Jr., New Orleans, La., for defendants-appellees.

Before JOHN R. BROWN, Chief Judge, and RIVES and CLARK, Circuit Judges.

PER CURIAM:

This case consolidated for the purpose of oral argument with Nations v. Morris, 5 Cir., 1973, 483 F.2d 577, is controlled by that opinion.

Affirmed.

**John E. GARRETT, Appellant,**

v.

**John Wesley JEFFCOAT and the United States of America, Appellee.**

No. 72–2363.

United States Court of Appeals, Fourth Circuit.

Argued March 8, 1973.

Decided Aug. 9, 1973.

cope with the full range of potential legal problems, the Act supplemented *gaps* in the federal law with state law through the 'adoption of State law as the law of the United States'." 395 U.S. at 357, 89 S.Ct. at 1838, 23 L.Ed. 2d at 365 (emphasis added).

42. As a postlogue we note our Court's recent brief *per curiam* holding in Da'Ville v. Wise, 5 Cir., 1973, 470 F.2d 1364, 1973 A.M.C. 508, cert. filed, 41 U.S.L.W. 3620, May 22, 1973, reaching the same conclusion on exclusivity of L & H that we reached in Part I, *supra*.